

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
JUN 20 2023
ARTHUR JOHNSTON
BY_____ DEPUTY

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**JESSE D. HORNING**                                                   **PLAINTIFF**

**VERSUS**                          CIVIL ACTION NO. _1:23CV151 HSO-BWR_

**ERICA KANJAN AND**
**AIRBNB, INC**                                                        **DEFENDANTS**

<u>**COMPLAINT**</u>
(JURY TRIAL DEMANDED)

COME NOW, Jesse D. Horning, Plaintiff in the above styled cause, by and through counsel, and files this civil action against Erica Kanjan (hereinafter "Kanjan") and Airbnb, Inc. (hereinafter "Airbnb"), and in support thereof would show the following:

<u>**PARTIES**</u>

I.

Plaintiff, Jesse D. Horning is an adult resident-citizen of Jackson County, Missouri, with his principal residence located at 7403 S. Hardsaw Road, Oak Grove, Missouri 64075.

II.

Defendant, Kanjan, is believed to be an adult resident citizen of Broward County, Florida, and may be served with process at 11353 NW 9th Street, Plantation, Florida 33325, or in any manner consistent with Rule 4 of the Federal Rules of Civil Procedure.

III.

Defendant, Airbnb, is a corporation domiciled in California and doing business within the State of Mississippi, which may be served by serving its registered agent for service of process, Corporation Service Company, which is doing business in California as CSC-Lawyers Incorporating Service, at 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833 or in any manner consistent with Rule 4 of the Federal Rules of Civil Procedure.

## JURISDICTION AND VENUE

IV.

Jurisdiction is proper under 28 U.S.C. §1332, as there is complete diversity between the parties and this controversy involves an amount in excess of seventy-five thousand dollars ($75,000), exclusive of attorneys' fees, costs, punitive damages. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), as a substantial part of the events giving rise to the Plaintiffs' claims occurred in this judicial district. Moreover, the location of the property owned by Defendant Kanjan, and the county where the Plaintiffs' injuries occurred is situated in this judicial district.

## FACTUAL BACKGROUND

V.

The property located at 4723 East Belle Fontaine Road, Ocean Springs, MS 39564 is owned by Defendant Kanjan as a short-term rental advertised online through Airbnb.

VI.

Jesse D. Horning was a member of a party who rented the subject property through Airbnb in June of 2022 as Booking Number HMMP2W4ZCY.

VII.

On June 24, 2022, while an invitee on the premises, Mr. Horning decided to go swimming and jumped into the water off a pier that was on the property. However, unbeknownst to Mr. Horning, the water was shallow, and when he landed, he did so violently and directly on his left ankle.

VIII.

Mr. Horning's left foot struck the ground with such tremendous force that he suffered a broken left ankle.

IX.

At the time immediately prior to Mr. Horning diving into the water, there was present a swim ladder and towels.

X.

At the time immediately prior to Mr. Horning diving into the water, there was not present any warnings of shallow or potentially shallow water.

XI.

As a result of his injuries, Mr. Horning was taken to Ocean Springs Hospital for evaluation and treatment.

## XII.

A few days after his return home from the Airbnb, Mr. Horning began treating with Saint Luke's Physicians Group in Kansas City, Missouri, where he was diagnosed with left bimalleolar ankle fracture, left syndesmotic instability, and left deltoid instability, and eventually underwent surgical treatment including ORIF left bimalleolar ankle fracture, left syndesmotic repair, left fibula osteotomy, primary repair of left deltoid ligament, and calcaneus bone grave harvest of left foot. intervention on his left ankle, foot, and leg.

## XIII.

Mr. Horning's injuries are serious and permanent.  He has suffered debilitating effects from such injuries and resulting surgery.


## **DUTIES VIOLATED BY DEFENDANTS**

## XIV.

Defendants were required to take adequate safety measures to prevent Mr. Horning and others from foreseeable dangers.

## XV.

Defendants were required to maintain the grounds of the property in a reasonably safe condition to prevent harm to Mr. Horning and others.

## XVI.

Defendants were required to follow the following safety rules and standards to prevent harm to Mr. Horning and others:

(a)     Refrain from creating safety hazards on the premises;

(b)    Identify and evaluate foreseeable safety dangers;

(c)    Develop and implement safety policies, procedures and measures for foreseeable safety dangers;

(d)    Anticipate dangerous conditions, regardless of whether such dangerous condition was "open and obvious;"

(e)    Adequately warn others of hidden dangers; and,

(f)    Adequately supervise hosts to implement safety measures and warnings;

## XVII.

Defendants violated these duties, rules and standards, which violations endangered Mr. Horning and others by failing to warn of the dangers of jumping off the pier due to potentially shallow water.

## XIX.

Defendants violated these duties, rules and standards, and said violation was reckless as well as negligent. The Defendants turned a blind eye to the known risks, and in fact promoted the dangerous condition by placing a swim ladder and swim towels at the dock.

## CAUSATION OF INJURIES AND DAMAGES

## XX.

The injuries and damages sustained by Horning, more particularly described below, were produced in a natural and continuous sequence from Defendants' violation of one or more of the above-described safety duties, rules and standards.

XXI.

The injuries and damages sustained by Mr. Horning were a probable and foreseeable consequence from Defendant's violation of one or more of the above-described safety duties, rules and standards.

XXII.

If the Defendants had not violated one or more of the above-described duties, rules and standards, then Mr. Horning's injuries and damages would not have occurred.

XXIII.

The injuries and damages sustained by Mr. Horning because of Defendant's violation of safety duties, rules and standards include, but are not limited to:

(a) Serious and permanent bodily injuries to his left ankle, foot, and leg;

(b) Medical expenses incurred in the past and reasonably expected to be incurred in the future, including future surgeries;

(c) Physical pain and suffering experienced in the past and reasonably expected to be experienced in the future;

(d) Mental anguish experienced in the past and reasonably expected to be experienced in the future, which includes but is not limited to Mr. Horning's loss of quality of life due to permanent injuries causing chronic pain that limits his activities;

## AMOUNT OF DAMAGES

### XXIV.

Mr. Horning's injuries and damages are over the minimum amount required for circuit court jurisdiction, for which he should be awarded a judgment as against the Defendants in an amount to fully and fairly compensate him for every element of damages that has been suffered.

## DEMAND FOR JURY TRIAL

### XXV.

Mr. Horning demands a jury trial for all issues of fact presented by this action.

## RESERVATION OF ADDITIONAL CLAIMS

### XXVI.

Mr. Horning reserves the right to plead further upon completion of discovery to state additional claims and to name additional parties to this action.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that summons is issued against the Defendants that the Defendants be cited to appear and answer herein, that following a jury trial, Plaintiff has judgment entered against the Defendants for a sum within the jurisdictional limits of this Court, that will fully compensate Plaintiffs for all elements of damages suffered, and any other relief to which they may be entitled, plus reasonable attorney's fees, expenses and all costs of Court incurred herein.

AND, if Plaintiffs have prayed for wrong, improper, or insufficient relief, then they pray for such other general or special relief to which they may be entitled under the circumstances.

Respectfully submitted this the 16th day of June, 2023.

Jesse Horning, Plaintiff

M. SCOTT BISHOP (MSB# 102699)
MORRIS BART, LTD
ATTORNEYS FOR PLAINTIFF
1712 15th STREET, SUITE 300
GULFPORT, MS 39501
Tel: (228) 276-0307
Fax: (866) 354-9707
Email: sbishop@morrisbart.com